IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISABELLE CLAISSE, et al.,                )
                                         )
               Plaintiffs,               )
                                         )
     v.                                  )   No. 09 C 3722
                                         )
THE BOEING CO., et al.,                  )
                                         )
               Defendants.               )

MEMORANDUM OPINION AND ORDER

This Court has inherited this action as the result of the exercise by its colleague Honorable George Lindberg of his 28 U.S.C. §294(b)[1] prerogative as a senior judge. Immediately before taking that action, Judge Lindberg had denied the motion by the multiple plaintiffs to remand this action to its place of origin in the Circuit Court of Cook County. This memorandum order is issued to set the stage for further proceedings before this Court.

To begin with, this Court's earlier minute order (Dkt. No. 72) that requested the delivery to its chambers of hard copies of a substantial number of the earlier filings in the case turns out to have omitted a few of those items.[2] Those inadvertently omitted items comprise Dkt. Nos. 8, 48, 53 and 59.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] This Court much appreciates the swift compliance with that minute order by the lawyers from Sidley Austin LLP who represent General Electric Company and GE Aviation Systems LLC (collectively "GE Defendants").

As to the last three of those filings (all of which are motions by different defendants to quash the service of summons), Judge Lindberg had entered and continued those motions to 10 a.m. September 16, 2009. That setting is vacated and is replaced by a hearing time and date of 8:45 a.m. September 16--and if plaintiffs' counsel wishes to respond to the motions, that must be done on or before September 14 (with a hard copy of any such response to be delivered to this Court's chambers not later than that date).

This opinion turns next to the four Answers that have been filed in the case by defendants The Boeing Company ("Boeing") (Dkt. No. 14), GE Defendants (Dkt. No. 21), Triumph Group, Inc. and Triumph Actuation Systems-Valencia, Inc. (collectively "Triumph Defendants")(Dkt. No. 29) and Parker Hannifin Corporation ("Parker Hannifin")(Dkt. No. 38). In that respect this Court continues to be amazed--and bemused--by the extent to which even the most experienced federal practitioners from large and prestigious law firms fail to conform to some fundamentals of federal pleading--a failure that led nearly a decade ago to this Court's publication of an Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[3]

---

[3] Not the least of this Court's reasons for such publication was to spare its secretary the burden of retyping the same messages to different counsel over and over again--a burden

In this instance all four Answers either fail to follow the roadmap plainly marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) to get the benefit of deemed denials of many of plaintiffs' allegations or, whether or not they do track Rule 8(b)(5) faithfully, inexplicably go on to <u>deny</u> the allegations involved. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly all of the inappropriate denials are stricken from all four answers, and any counsel who have also strayed from the route prescribed by Rule 8(b)(5) are ordered to replace their present disclaimers with Rule-compliant assertions.

This Court's brief review of the several Answers (it confesses that it has not scoured all of the bulky pleadings in an effort to be exhaustive) has also revealed some inappropriate assertions that appear to regard legal conclusions as an inappropriate component of federal pleading. Not so--see App. ¶2 to <u>State Farm</u>. Accordingly counsel should scrutinize their

---

that is lessened (if not eliminated entirely) by simple citations to the Appendix. In any case, this Court's website has for quite some time ordered all defense counsel in cases on its own calendar to review <u>State Farm</u> <u>before</u> filing any responsive pleading. Although defense counsel in this case were not of course subject to that directive because the case was originally assigned elsewhere, the principles articulated in <u>State Farm</u> are so universal that lawyers generally ought to beware of--and comply with--them.

pleadings and eliminate any disclaimers, on that asserted ground, of the need to respond to plaintiffs' allegations.

Finally on the pleading front, each of the defendants has included an extraordinarily long laundry list of purported affirmative defenses ("ADs") after answering plaintiffs' allegations. That practice is not particularly constructive, not the least because it tends to blur the focus of the notice pleading principle that applies to defendants and plaintiffs alike in the federal system.

To the extent that any of the purported ADs are at odds with the principles that underlie Rule 8(c) and the caselaw applying it--in that respect, see App. ¶5 to <u>State Farm</u>--it should be recognized that an answer's denials of a complaint's allegations suffice to put the disputed matters at issue, so that the ADs serve no useful purpose and should be withdrawn. Next, to the extent that any ADs are indeed appropriate in those terms but should be addressed early on to narrow the issues, defense counsel ought to bring them on by motion. And to the extent that any ADs raise issues that are presently speculative or hypothetical and that may or may not turn out to be involved when the discovery process proceeds, they should not be advanced at this threshold stage of the litigation.[4]

---

[4] There may be more to be said on the subject of ADs after defense counsel have sharpened their figurative pencils as next ordered in the text, but that possibility will become more

Because the present posture of many of the purported ADs is unclear or problematic at this point, all of the present ADs are stricken from all four existing Answers. Needless to say, however, this order is without prejudice to defense counsels' right to take a fresh look at the subject and to advance what they regard as appropriately-focused ADs on or before September 15, 2009.[5]

Finally, this entire action is set for a status hearing at the same 8:45 a.m. September 16 time and date already referred to in this opinion. That setting will provide the parties and this Court the opportunity to deal with all aspects of case management (including, for example, the possibility of entering an appropriate consolidation order covering this action and the other actions pending in this District Court that stem from the same airline disaster).

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: September 2, 2009

---

clear at that time.

   [5] Hard copies of any such new filings must be delivered to this Court's chambers no later than 4:30 p.m. September 15.